ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Chief, Major Crimes

AMY OLSON #9103
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Amy.Olson@usdoj.gov

ANITHA S. IBRAHIM
Trial Attorney
U.S. Department of Justice
Criminal Division
Child Exploitation and Obscenity Section
1400 New York Ave., NW 6th Fl.
Washington, D.C. 20005
Telephone: (202) 616-3181
Facsimile: (202) 514-1793
E-mail: Anitha.Ibrahim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COU[
DISTRICT OF HAWAII

NOV 05 2009

at __ o'clock and __ min __
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.   09-00374 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | Date: November 5, 2009 |
| RICHARD DAVID MITCHELL, | ) | Time: 1:30 p.m. |
| | ) | Judge: Kevin S.C. Chang |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, RICHARD DAVID MITCHELL, and his attorney, Shanlyn Park, Assistant Federal Public Defender, have agreed upon the following:

1.   The Defendant acknowledges that he has been charged in an Indictment with violating Title 18, United States Code, Section 2423(c), relating to his travel to Cambodia and engaging in illicit sexual conduct with a minor in Cambodia.

2.   The Defendant has read the charge against him contained in the Indictment and the charge has been fully explained to him by his attorney.

3.   The Defendant fully understands the nature and elements of the crime with which he has been charged.

4.   The Defendant will enter a voluntary plea of guilty to the Indictment charging that in on or about May 2008, in the District of Hawaii, RICHARD DAVID MITCHELL, a United States Citizen, did travel in foreign commerce to Cambodia; and on or about August 28, 2008, in Cambodia, RICHARD DAVID MITCHELL, did knowingly and intentionally engage in illicit sexual conduct with a minor, as the term "illicit sexual conduct" is defined in 18 U.S.C. § 2423(f)(1) and (f)(2), all in violation of Title 18, United States Code, Section 2423(c).  The Defendant agrees that

2

he will not seek credit for time he spent in Cambodian prison following his arrest in Cambodia on August 28, 2008, with respect to the sentence this court will impose for the instant offense.

In return, the United States agrees to enter into a conditional plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to wit: *the United States and the Defendant agree that a specific sentence is the appropriate disposition of this case*; specifically: the Defendant and the United States agree that a sentence of 46 months of imprisonment is the appropriate disposition of this case.

The United States and the Defendant understand and agree that further pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Parties' agreement that a specific sentence is the appropriate disposition of this case will bind the Court should the Court accept the plea agreement.

The United States and the Defendant understand and agree that pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure, if the Court rejects the plea agreement, the Defendant may withdraw from this plea agreement.  In addition, the parties agree that if the Court rejects the plea agreement, the United States may withdraw from this plea agreement.

5.   The Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

3

6.    The Defendant enters this plea because he is in fact guilty as alleged in the Indictment.  The Defendant agrees that this plea is voluntary and not the result of force or threats.

7.    The Defendant understands that the penalties for the offense set forth in the Indictment to which he is pleading guilty include:

a.    A term of imprisonment of not more than thirty years;

b.    A fine of not more than $250,000.00;

c.    A term of supervised release of any term of years not less than five and up to life; and

d.    Mandatory restitution pursuant to Title 18, United States Code, Section 3663A in an amount to be determined by the court.

The Defendant shall also register with the State Sex Offender Registration agency in the State where the defendant resides, works, or is a student.

The Defendant also understands that the Court must impose a $100 special assessment.  The Defendant agrees to pay $100 to the United States Attorney's Office, to be credited to said special assessment(s), before the commencement of any portion of sentencing.  The Defendant acknowledges that failure to make such full advance payment in a form and manner

4

acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

     8.   The Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which he is pleading guilty:

     The Defendant is a United States citizen with last known legal residence at ████████████████████ Kamuela, Hawaii.  On or about May 11, 2008, the Defendant departed Honolulu, Hawaii, on a flight to Taipei, Taiwan, and then on to Bangkok, Thailand.  On or about August 8, 2008, the Defendant, who was 60 years old, traveled from Bangkok, Thailand, to Cambodia.

     On or about August 28, 2008, the Defendant drove a red motorbike in Phnom Penh Cambodia, with a young Cambodian girl, S.M., who was seated on the back of the motorbike.  The parties agree that S.M. was at least twelve years old but had not attained the age of 16 years old.  The Defendant pulled the bike to a stop near the Ministry of Post and Telecommunications building in Sagkat Wat Phnom, Khan Daun Penh, Phnom Penh, Cambodia.  At that location, on the street or sidewalk, the Defendant knowingly engaged in the following forms of illicit sexual conduct with S.M.:  S.M. performed oral sex on the Defendant by putting his penis in her mouth, and the Defendant

performed oral sex on S.M. by making contact between his mouth and her vulva.

On March 18, 2009, the Defendant was <u>Mirandized</u> by U.S. Immigration and Customs Enforcement agents and he elected to make a statement.  The Defendant confirmed that he traveled to Asia in May 2008, and that he had been there as a tourist from May 2008 until his arrest.  The Defendant also admitted that S.M. put his penis in her mouth for three to five minutes and said he did not know if he ejaculated.

9.  Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10.  Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of sentencing of the Defendant in connection with this matter:

a.  <u>Factual Stipulations</u>:

The Defendant and the United States agree that the facts presented in paragraph 8 of this Agreement shall

be stipulated to for the purposes of this Agreement and
sentencing.

           b.    Guideline Stipulations:

              1.    The Defendant and the United States
agree to the applicability of a particular provision of the
Sentencing Guidelines, to wit: the specific offense
characteristic relating to the commission of a sex act, as set
forth in U.S.S.G. §§ 2G1.3(b)(4), applies to this case.

              2.    The United States Attorney agrees that
the Defendant's agreement herein to enter into a guilty plea
constitutes notice of intent to plead guilty in a timely manner,
so as to permit the government to avoid preparing for trial.
Accordingly, the United States Attorney anticipates moving for a
one-level reduction in sentencing offense level pursuant to
U.S.S.G. § 3E1.1(b)(2), if the Defendant is otherwise eligible.
The Defendant understands that notwithstanding its present
intentions, and still within the Agreement, the prosecution
reserves the right (1) to argue to the contrary in the event of
receipt of new information relating to those issues, and (2) to
call and examine witnesses on those issues in the event that
either the probation office finds to the contrary of the
prosecution's intentions or the Court requests that evidence be
presented on those issues.

c.   <u>Sentencing Stipulations</u>

As set forth above in Paragraph 4, the Defendant and the United States *agree that a specific sentence is the appropriate disposition of this case*; to wit: that a sentence of 46 months of imprisonment is the appropriate disposition of this case, along with any other fines, assessments, terms and conditions of supervised release and restitution that this court may deem appropriate.

11.   This Plea Agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which authorizes the parties to agree upon a specific sentence as an appropriate disposition of the case.   Notwithstanding the foregoing sentencing stipulations, the parties agree that a sentence of 46 months is the appropriate disposition of this case based, in large part, on the fact that the Defendant has served approximately one year in prison in Cambodia as a result of the conduct described in paragraph 8 above.

Defendant understands that, pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure, the Court may accept this Agreement, reject it, or defer a decision until the Court has reviewed the presentence report.   If the Court accepts the Plea Agreement, it will inform the defendant that the agreed upon disposition of a sentence of 46 months of imprisonment will be included in the judgment.   If the Court rejects the Agreement,

8

either the United States or defendant may withdraw from this plea agreement and, if either party does so, the agreement shall be null and void and neither the United States nor defendant shall be bound by it.  Nothing in this plea agreement shall bind or restrict the court in any way with respect to other aspects of sentencing, including but not limited to the level of any fine, the term and conditions of supervised release, or restitution.

12.   The parties represent that they are entering this Rule 11(c)(1)(C) Agreement in order to avoid the risks and uncertainties of litigation, and to obtain a binding sentence of imprisonment of 46 months.  The United States recognizes that the Defendant has already served approximately one year in prison in Cambodia as a result of his conduct set forth in paragraph 8 above, and that he agrees that he will not seek credit for time he spent in Cambodian prison, with respect to the sentence this court will impose for the instant offense.

13.   Pursuant to Section 6B1.4 of the advisory Sentencing Guidelines, the parties state that they are not aware of any facts that are disputed for sentencing purposes.

14.   The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  If the Court accepts this Agreement, and imposes a sentence of 46 months of imprisonment, the Defendant knowingly waives the right to appeal such sentence, or the manner

9

in which that sentence was determined, on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

     a.   The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the Defendant may make such a challenge based on a claim of ineffective assistance of counsel.

     b.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

     15.   The Defendant understands that the District Court in imposing sentence will consider the provisions of the advisory Sentencing Guidelines.  The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

     16.   The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.  The Defendant understands that the Court will not accept an agreement

unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

17. The Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If the Defendant persisted in a plea of not guilty to the charge against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless,

after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

        c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

        d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  The Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, the Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

        e.  At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

        18.  The Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  The Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

        19.  The Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor

agreement reached, other than those set forth in this Agreement, to induce the Defendant to plead guilty.

20.   Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

21.   The Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED:   Honolulu, Hawaii, *Nov. 5, 2009*        .

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

RONALD G. JOHNSON
Chief, Major Crimes Section

AMY K. OLSON
Assistant U.S. Attorney

ANITHA S. IBRAHIM
Trial Attorney
U.S. Department of Justice

RICHARD DAVID MITCHELL
Defendant

SHANLYN PARK
Assistant Federal Public
Defender